IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATERION CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 24-1022-RGA |
| | : | |
| LEBRONZE ALLOYS, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Plaintiff asserts three patents in an infringement suit against Defendants. (D.I. 1). Defendants move to dismiss. (D.I. 13). Defendants advance three arguments.

The first argument is that the entire suit must be dismissed because it does not allege any infringing activity in the United States. (D.I. 14 at 6-9). The Complaint alleges that the infringing product—the TS95—is offered for sale, sold, imported and distributed in the United States. (*E.g.*, D.I. 1 at ¶¶ 50, 64, 66, etc.). It is true that the phrasing is essentially the same as the legal conclusion that Plaintiff will have to prove, but "sale" and "imported" are also factual descriptions.[1] I therefore DENY the motion to dismiss to the extent it is based on Defendants' first argument.

The second argument is that the complaint does not state a basis for willful infringement in relation to any of the three patents. (D.I. 14 at 9-11). I agree that the complaint does not allege that Defendants knew about the patents when Plaintiff's factual basis is that one of their

---

[1] Defendants strenuously assert that they do not import, sell, or offer to sell the TS95 in the United States. I make a note of this, since whether or not Defendants are importing and selling the TS95 in the United States ought to be the sort of fact that is not reasonably subject to dispute.

attorneys wrote to a related German company describing how that company infringed a related European patent. That is not enough to establish knowledge. And adding that Plaintiff and Defendants are competitors does not make the willfulness allegations plausible. I therefore GRANT the motion to dismiss to the extent it seeks dismissal of the willfulness allegations.

The third argument is that the claim does not state a basis for induced infringement in relation to one of the three patents. (*Id*. at 11-14). Induced infringement, like willful infringement, requires knowledge of the asserted patent. Defendants make other arguments, which I do not now need to address. I therefore GRANT the motion to dismiss Count II. Count II is DISMISSED without prejudice.

IT IS SO ORDERED this 2nd day of October 2025.

/s/ Richard G. Andrews
United States District Judge